Irene Cecelia: MODEN, *in propria persona, Sui Juris*
c/o Twelve Forty-Nine Racine Street,
Aurora, Colorado [80011]
imoden1959@aol.com
A Living Soul

For Debtor(s),

UNITED STATES BANKRUPTCY COURT

DISTRICT OF COLORADO

In Re:

IRENE MODEN

*Pro se* Debtor(s)*sui juris*

)
) Case No.: 14-11107-HRT
)
) Judge: Judge Howard Tallman
) Date:
) Time:
) Place:
)
) **DEBTOR'S OBJECTION TO GREEN**
) **TREE SERVICING, LLC's MOTION FOR**
) **RELIEF FROM STAY**
)
) (Filed concurrently with Memorandum in
) Support of Objection to Green Tree
) Servicing, LLC's Motion For Relief from
) Stay.)

## **DEBTOR'S OBJECTION TO GREEN TREE SERVICING, LLC's MOTION FOR RELIEF FROM STAY**

COMES NOW, IRENE MODEN, and files this Objection to Creditor GREEN TREE SERVICING, LLC.'S Motion for Relief From Stay as filed by the alleged Creditor on April 28, 2015, Document #103, and states the following:

Debtor reaffirms and re-alleges DEBTOR'S PREVIOUS OBJECTION TO CLAIMS OF GREEN TREE SERVICING, LLC., FILED AS DOC #:36, FILED 05/12/14, ENTERED 05/13/14, 15:02:31, as though such has been fully set forth herein, and incorporates it herewith.

A security interest in the property of the DEBTOR is claimed, however, the proof of claim is not accompanied by evidence that the CREDITOR has authority to bring the

claim, has standing or that the security interest has been perfected as required under F.R.B.P. Rule 3001 (d) and is facially defective and does not constitute prima facie validity of the claim.

The proof of claim does not set forth the CREDITOR'S claim with proper specificity, pursuant to F.R.B.P. Rule 3001 (a) & (c).

Additionally, on May 20, 2014, this Court ordered this CREDITOR to provide the **ORIGINAL** of the Note and Deed of Trust and, to date; this Creditor has failed to provide said **ORIGINAL** documents.

On November 20, 2014, at the confirmation hearing, the Judge stated the ORIGINAL Note and/or a Loss Instrument Bond had to be presented to the courts in order for the stay to be lifted.

This Creditor has had more than ample time to locate the **ORIGINAL** documents and has yet to provide same, as the ones presented to Debtor and the Courts are Xerox copies.

The Creditor states in their Motion for Relief From Stay that Debtor(s) executed and delivered to Green Tree the Note and Deed of Trust to them, which is false; as debtor(s) allegedly delivered those documents to Countrywide Home Loans in 2002, way before Green Tree allegedly had any relationship to the Note and Deed of Trust, of which they actually do not have, even now.

WHEREFORE, the DEBTOR objects to Document #103, as filed by the CREDITOR and respectfully requests this Court (1) disallow this Creditor from making a claim without said document; and/or (2) enter an Order requiring the Claimant to file an amended claim to correct the defect within thirty (30) days, and if not corrected, upon expiration of that time, the claim is disallowed in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 7, 2015        /s/ _Irene Cecelia Moden_

Irene Cecelia Moden, *in propria persona, Sui Juris*
Authorized representative, without prejudice

OBJECTION TO RELIEF FROM STAY - 2